IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN SEGRAVES,

               **Plaintiff,**

v.                                       1:17-cv-1997-WSD

AGCO, INC., a Domestic Profit
Corporation,

               **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Steven Segraves's ("Plaintiff") Motion to Extend Discovery Period [35] ("Motion").

**I.    BACKGROUND**

    A.    Procedural Background

On June 1, 2017, Plaintiff filed a Complaint against Defendant AGCO, Inc. ("Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*., ("FLSA"), alleging that Defendant deprived Plaintiff of lawful overtime wages.

On September 6, 2017, the Court approved [12] the parties' Joint Preliminary Report and Discovery Plan. The plan provided the original deadline for the completion of all fact and expert discovery was January 8, 2018.

On December 18, 2017, the parties filed their First Consent Motion to Extend Discovery [21] requesting an extension of the discovery period through March 9, 2018.

On December 19, 2017, the Court granted [22] the parties' First Consent Motion to Extend Discovery and extended the deadline for the completion of all fact and expert discovery to March 9, 2018.  The Court ordered the parties to file, on or before January 5, 2018, a detailed discovery plan in the form prescribed by paragraph 8 of the Court's Standing Order Regarding Civil Litigation.

On January 18, 2018, the parties filed their Joint Detailed Discovery Plan [27] (the "Detailed Plan").  The Detailed Plan provided that all discovery shall be completed by March 9, 2018.  On January 23, 2018, the Court adopted the Detailed Plan, adding "[n]o further discovery extensions will be granted."  ([28]).

On February 20, 2018, Plaintiff filed his Second Motion for Extension of Time to Complete Discovery [35], seeking another sixty day extension of the discovery deadline.  Defendant opposes the Motion.

On April 9, 2018, Defendant filed its Motion for Summary Judgment [40].

B.   Background of this Discovery Dispute

Plaintiff states he recently became aware that thousands of purchase orders had not been produced by Defendant.  Plaintiff contends that these purchase orders

are critical to establish that he was not an outside salesman of Defendant, and thus not exempt from the FLSA's overtime requirements. The "outside sales representative exception" is the basis for Defendant's Motion for Summary Judgment. ([40.1]).

On December 18, 2017, Defendant alerted Plaintiff that its initial collection of documents was available for inspection at Defendant's counsel's office. (Ex. 3 to Mocek Aff. [36.2] at 13). On December 20, 2017, Plaintiff expressed logistical concerns about inspecting and copying such a large volume of documents in Defendant's possession. On December 21, 2017, once Defendant's counsel received all of the documents from her client—seven "banker's boxes" worth—she offered to "send the[m] to an outside vendor to scan the whole set to produce" at Defendant's expense. (Id. at 28). Plaintiff agreed, but now argues he interpreted this statement to mean that Defendant would produce all documents collected (i.e., the "whole set"), not merely those documents deemed responsive by Defendant's counsel. This, Plaintiff asserts, obviated the need to personally inspect the physical documents at the office of Defendant's counsel. Defendant responds that at no time did it intend to produce electronic copies of all seven boxes; rather, that it agreed to review and produce documents responsive to Plaintiff's requests.

On January 2, 2018, Defendant's counsel updated Plaintiff's counsel that "the copy service expects to have the documents scanned onto a disc by January 10." (Id. at 32). On or about January 18, 2018, Defendant produced over 4,600 pages of documents. (Id. at 43). Because Plaintiff's counsel believed this was the "whole set," he felt "no need to inspect" this production. But after reviewing the production, Plaintiff discovered references to purchase orders that were not produced. This is apparently when Plaintiff realized that Defendant's promise to produce the "whole set" meant only a subset of responsive documents and not the entire collection.

On January 29, 2018, Plaintiff's counsel requested that Defendant produce the purchase orders. (Id. at 67). By response letter dated February 5, 2018, Defendant refused to produce the purchase orders, stating that "no request for production of documents to which such [purchase orders] would be responsive is identified." (Id. at 75). On February 15, 2018, Defendant's counsel stated that it "did not originally produce [purchase orders] because they appeared to be duplicative of the invoices." (Id. at 86). She again invited Plaintiff's counsel to her office to inspect the entire collection of documents. (Id. at 80).

On February 16, 2018, Plaintiff's counsel personally inspected seven "banker's boxes" of hard copy documents at the office of Defendant's counsel.

(Id. at 91).  Plaintiff's counsel the found purchase orders within the boxes and told Defendant's counsel they should have been produced because they are "dispositive" regarding the issue of whether Plaintiff was an outside salesman.

On February 20, 2018, Plaintiff filed the Motion seeking another sixty day extension of the discovery deadline.  On February 22, 2018, Plaintiff took possession of the seven boxes of documents by arranging to have an outside vendor pick make copies.  ([36] at 11).  As of the date of Plaintiff's Reply Brief, its outside vendor had processed three of the seven boxes.  ([38] at 2-3).

## II. DISCUSSION

Rule 6 of the Federal Rules of Civil Procedure allows for the enlargement of time where good cause exists for the requested enlargement.  This Court's Local Rules state:

> **Adjustments to Discovery Period**.  The court may, in its discretion, shorten or lengthen the time for discovery.  Motions requesting extensions of time for discovery must be made prior to expiration of the existing discovery period and will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed.

LR 26.2.B, NDGa.  The Court's Standing Order Regarding Civil Litigation provides:

> Motions for extensions, whether opposed, unopposed or by consent, will not be granted as a matter of course.  Parties seeking an extension must demonstrate, with specificity, the unanticipated or unforeseen circumstances that require the extension and shall set forth a timetable for the completion of the tasks for which an extension is sought.
>
> . . .
>
> Motions requesting extensions of time must be made prior to expiration of the existing discovery period and will be granted only in those cases where the attorneys could not have anticipated that certain circumstances would arise that would require an extension.

Standing Order Regarding Civil Litigation, at 2, 6.

Plaintiff filed the Motion prior to the expiration of the March 9, 2018, discovery deadline but has not shown that the brief confusion regarding the initial scope of Defendant's document production constitutes an "exceptional case" warranting a second extension of the discovery deadline.  Plaintiff discovered this error early enough in the discovery period to remedy its effects and has since taken possession of the disputed documents.

Upon the production of 4,600 pages of documents on or about January 18, 2018, Plaintiff knew or should have known that the production was not the entire collection of seven banker's boxes.  This was fifty days prior to the March 9, 2018, discovery deadline.  Plaintiff was on actual notice of the discrepancy by January 29, 2018, at the latest, when Plaintiff's counsel raised the issue of the purchase orders in a demand letter.  ([36.2] at 67).  This was

6

twenty-one days prior to the close of discovery.  Plaintiff still had ample time to copy and review the documents at the office of Defendant's counsel prior to the close of discovery, especially considering Defendant's counsel made those documents available on February 15, 2018.

Plaintiff took advantage of Defendant's offer and took possession of the documents two days after filing the Motion.  As of March 8, 2018, Plaintiff's vendor had completed inspecting and stamping over half of those documents.  Plaintiff has not alleged bad faith conduct on the part of Defendants.  At most, there was a misunderstanding as to the scope of Defendant's production in mid-January, almost two months prior to the extended discovery deadline.  This was enough time to remedy the misunderstanding, and Plaintiff has had access to the documents in question for almost two months.  Plaintiff's Motion is denied.

Defendant filed its Motion for Summary Judgment during the pendency of this Motion.  In fairness to Plaintiff, the Court extends Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment.  Plaintiff shall file and serve its response to Defendant's Motion for Summary Judgment, and any supporting documents, no later than twenty-one days after the date of this Order.  Defendant's reply, if any, shall be filed fourteen days after service of Plaintiff's response.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Steven Segraves's Motion to Extend Discovery Period [35] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve its response, responsive memorandum, affidavits, and any other material responsive to Defendant's Motion for Summary Judgment, no later than twenty-one (21) days after the date of this Order. Defendant's reply, if any, shall be filed fourteen (14) days after service of Plaintiff's response.

**SO ORDERED** this 17th day of April, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE