IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN SEGRAVES,

    Plaintiff,

      v.

AGCO, INC.
a Domestic Profit Corporation,

    Defendant.

CIVIL ACTION FILE
NO. 1:17-CV-1997-TWT

## OPINION AND ORDER

This is an FLSA action. It is before the Court on the Defendant AGCO, Inc.'s Motion for Summary Judgment [Doc. 40] and the Defendant AGCO, Inc.'s Motion to Strike the First Declaration of Steven Segraves [Doc. 46]. For the reasons set forth below, the Defendant AGCO, Inc.'s Motion for Summary Judgment [Doc. 40] is GRANTED and the Defendant AGCO, Inc.'s Motion to Strike the First Declaration of Steven Segraves [Doc. 46] is DENIED as moot.

### I. Background

The Plaintiff Steven Segraves was employed by the Defendant AGCO, Inc. from June 2006 to 2008, and then again from February 2010 to May 2017.[1] The Defendant is a Georgia-based company that manufactures kitchen countertops,

---

[1] Def.'s Statement of Material Facts ¶¶ 10, 23, 25, 88-90.

bathroom surfaces, and bathroom accessories in Norcross, Georgia.[2] The Defendant employs both manufacturing and non-manufacturing employees.[3] The non-manufacturing employees include customer service representatives, sales representatives, an office manager, and other accounting administrative employees.[4] On June 5, 2006, the Defendant hired the Plaintiff.[5] The parties dispute what job role the Plaintiff performed for the Defendant. The Defendant claims that the Plaintiff was hired as a sales representative, and that he reported to and was trained by the company's Sales Manager, Caleb Duncan.[6] The Plaintiff contends that he measured countertops and other surfaces for the company's clients, and that he did not conduct sales.[7] In 2008, the Defendant laid off the Plaintiff due to the poor economy.[8] Then, in February 2010, the Defendant rehired the Plaintiff.[9] The parties likewise dispute the Plaintiff's job role during this period. In May 2017, the Plaintiff failed to attend a meeting concerning his weak performance and outstanding sales leads, and returned his

---

[2]    *Id.* ¶ 1.

[3]    *Id.* ¶¶ 3-6.

[4]    *Id.* ¶¶ 4, 8.

[5]    *Id.* ¶ 10.

[6]    *Id.* ¶¶ 10-13.

[7]    *See, e.g.*, Pl.'s Response to Def.'s Statement of Material Facts ¶ 47.

[8]    Def.'s Statement of Material Facts ¶¶ 22-23.

[9]    *Id.* ¶ 25.

company vehicle while the Defendant was not open for business.[10] On June 1, 2017, the Plaintiff filed this action, alleging that the Defendant failed to compensate him for overtime work in violation of the FLSA. The Defendant now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[11] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[12] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[13] The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists.[14] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[15]

---

[10] *Id.* ¶¶ 88-90.

[11] FED. R. CIV. P. 56(a).

[12] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

[15] *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

#### A. Outside Salesman Exemption

The Defendant first argues that the Plaintiff was exempt from the FLSA's requirements because he was an "outside salesman."[16] Generally, the FLSA requires employers to pay an employee overtime when the employee works more than forty hours in a week.[17] However, the overtime pay requirement does not apply to an employee classified as an "outside salesman."[18] Under Department of Labor regulations, the outside salesman exemption applies to "any employee: (1) Whose primary duty is: (i) making sales within the meaning of section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty."[19] The primary duty test requires courts to consider a number of factors when determining an employee's primary duty.[20] The Code of Federal Regulations defines "primary duty" as "the principal, main, major or most important duty that the employee performs" and

---

[16] Def.'s Mot. for Summ. J., at 9.

[17] 29 U.S.C. § 207(a)(1).

[18] 29 U.S.C. § 213(a)(1).

[19] 29 C.F.R. § 541.500.

[20] *Gregory v. First Title of Am., Inc.*, 555 F.3d 1300, 1308 (11th Cir. 2009).

emphasizes that the "determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole."[21] The employer has the burden of proving that the employee is exempt from the FLSA's overtime requirements.[22]

The Defendant contends that the Plaintiff was an outside salesman, and thus exempt from the FLSA's overtime requirements. According to the Defendant, the Plaintiff was initially hired in 2006 as an Outside Sales Representative, received sales training from the Outside Sales Manager, and also received training from the company's vendors.[23] Furthermore, the Defendant argues that the Plaintiff was rehired in 2008 to fill the job vacancy left by Caleb Duncan, who was the company's Outside Sales Manager. The Defendant contends that the Plaintiff, by taking the Outside Sales Manager job, was given Duncan's company car and company phone.[24] According to Larry Pulliam, the Defendant's CEO, the Plaintiff met with customers at their homes, discussed the product and its pricing, and answered any questions they may have had.[25] He also asserts that the Plaintiff was the main point of contact for

---

[21]  29 C.F.R. § 541.700(a).

[22]  *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (quoting *Atlanta Prof'l Firefighters Union, Local 134 v. Atlanta*, 920 F.2d 800, 804 (11th Cir. 1991)).

[23]  Def.'s Mot. for Summ. J., at 12-13.

[24]  *Id.*

[25]  *Id.* at 6.

many of the Defendant's builder and contractor clients.[26] The Defendant argues that this assertion is supported by a "sales binder" with pricing and product information that contained the Plaintiff's handwriting.[27] Finally, the Defendant emphasizes an employment application that the Plaintiff submitted to Home Depot after he was laid off from his initial employment in 2008. In this application, the Plaintiff stated that he was previously a sales representative for the Defendant.[28] Thus, according to the Defendant, no genuine dispute of fact exists as to the Plaintiff's role as a salesman in the company.

The Plaintiff argues in response that his job duties did not fall within the scope of the outside salesman exemption. Instead, he argues that his main job duty was taking measurements at customers' homes and calculating quotes based upon these measurements.[29] In his declaration, the Plaintiff consistently contends that he was "never trained to do sales" and "never did sales."[30] Instead, he states that he only ever went "into the field" to take measurements as

---

[26] *Id.* at 7.

[27] Def.'s Statement of Material Facts ¶¶ 32-34.

[28] *Id.* ¶ 38.

[29] Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 6.

[30] Segraves Decl. ¶¶ 4, 6. The Defendant also moves to strike this declaration, contending that it is a "sham" due to its purported inconsistencies with the Plaintiff's prior deposition testimony. Since the Court concludes that the Defendant is ultimately entitled to summary judgment, it need not address this question.

directed by the Defendant.[31] He also asserts in his declaration that he only rarely conducted sales, and that he would only do so with "walk-in clients" when other employees were not available.[32] Finally, the Plaintiff also references purchase orders without his signature in support of his assertions. Based upon the lack of his signature, he argues that he was "not privy" to thousands of purchase orders submitted to the Defendant by its customers.[33]

The Court concludes that an issue of material fact exists as to whether the Plaintiff was an "outside salesman." The Defendant, mostly relying upon the declaration of the Defendant's CEO Larry Pulliam, contends that the Plaintiff's main job role was conducting outside sales. On the other hand, the Plaintiff, mostly relying upon his own declaration, insists that he was merely a measurer and rarely engaged in sales. This dispute is appropriate for a jury to resolve. The Court agrees with the Defendant that there are inconsistencies between the Plaintiff's deposition testimony and the statements made in his declaration. The Court further agrees that the Plaintiff's Home Depot application undercuts the credibility of the Plaintiff's statements in his declaration that he was never involved in sales. However, the Court believes these inconsistencies are for a

---

[31]   Segraves Decl. ¶¶ 10, 13-17.

[32]   *Id.* ¶¶ 20, 23, 32-33.

[33]   Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 7-8.

jury to consider when weighing the evidence presented.[34] Therefore, since an issue of material fact exists as to the Plaintiff's primary job duty, the Defendant is not entitled to summary judgment on the basis of the outside salesman exemption.

### B. Elements of FLSA Overtime Claim

The Defendant then argues that it is entitled to summary judgment because the Plaintiff has failed to establish the two basic elements of a prima facie FLSA claim. An employee who has worked overtime without pay may bring a private FLSA action for damages.[35] "An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work."[36] "An employee 'has the burden of proving that he performed work for which he was not properly compensated.'"[37] The Defendant argues that, even if the Plaintiff is not exempt from FLSA coverage, he has failed to establish these two elements of an overtime claim. The Court agrees.

---

[34] *Cf. Ramsey v. Wallace Elec. Co.*, 653 F. App'x 675, 676-78 (11th Cir. 2016) (concluding that reasonable inferences drawn from the plaintiff's deposition and affidavit presented genuine issues of fact precluding summary judgment as to an FLSA exemption).

[35] *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (citing 29 U.S.C. § 216(b)).

[36] *Id.*

[37] *Estrada v. FTS USA, LLC*, No. 1:14-CV-23388-KMM, 2016 WL 6157989, at *3 (S.D. Fla. Oct. 24, 2016) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).

First, the Defendant contends that the Plaintiff has not produced evidence of uncompensated overtime work.[38] "Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, the remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee."[39] If an employer's records are inaccurate or inadequate, courts in this circuit apply a relaxed burden-shifting scheme.[40] "It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment," and "if an employer has failed to keep proper and accurate records and the employee cannot offer convincing substitutes, the solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work."[41] "Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that

---

[38] Def.'s Mot. for Summ. J., at 18-20.

[39] *Allen v. Board of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (internal alterations omitted).

[40] *Estrada*, 2016 WL 6157989, at *3 (citing *Anderson*, 328 U.S. at 688).

[41] *Allen*, 495 F.3d at 1315 (quoting *Anderson*, 328 U.S. at 687) (internal alterations omitted).

work as a matter of just and reasonable inference."[42] The burden then shifts to the employer who must provide evidence of "the precise amount of work performed" or to "negate the reasonableness of the inference to be drawn from the employee's evidence."[43]

Here, even applying the relaxed burden-shifting scheme, the Plaintiff has failed to carry his burden in establishing that he worked uncompensated overtime. He has not proved sufficient evidence as to the amount and extent of uncompensated overtime work that he performed, even when drawing reasonable and just inferences in his favor. In fact, the Plaintiff provides no response at all to the Defendant's argument.[44] The only evidence provided by the Plaintiff as to this issue is a list of hours and dates.[45] The Plaintiff provides no explanation of the meaning of this list or how it was created. It also only provides hours for a handful of months worked in 2016 and 2017. This is not the type of evidence from which the Court could draw a reasonable inference in the Plaintiff's favor as to the amount of uncompensated overtime hours worked. Due to this lack of evidence, he has therefore failed to establish a prima facie FLSA overtime claim.

---

[42] *Id.* at 1316 (quoting *Anderson*, 328 U.S. at 687).

[43] *Id.* (quoting *Anderson*, 328 U.S. at 687-88).

[44] Instead, the Plaintiff's response brief focuses entirely on whether the Plaintiff's duties made him an outside salesman. *See generally* Pl.'s Br. in Opp'n to Def.'s Mot. for Summary Judgment.

[45] Segraves Dep., Ex. 21 [Doc. 40-6 at 141-43].

Furthermore, the Plaintiff has also failed to establish the second necessary element of an FLSA overtime claim: that the employer "knew or should have known of the overtime work."[46] "An employer's knowledge of overtime work can be actual or constructive."[47] "An employer is said to have constructive knowledge of its employee's overtime work when it has reason to believe that its employee is working beyond his shift."[48] "The employer's knowledge is measured in accordance with his duty . . . to inquire into the conditions prevailing in his business."[49] "[W]hen an employer's actions squelch truthful reports of overtime worked, or where the employer encourages artificially low reporting, it cannot disclaim knowledge."[50]

The Defendant contends that the Plaintiff has failed to offer any evidence that the Defendant had actual or constructive knowledge of the Plaintiff's purported uncompensated overtime work.[51] The Plaintiff provides no response. The Court agrees that the Plaintiff has failed to satisfy his burden as to this element. He has provided no evidence indicating that the Defendant knew, or

---

[46] *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

[47] *Tzoc v. M.A.X. Trailer Sales & Rental, Inc.*, No. 13-23859-CIV, 2015 WL 2374594, at *5 (S.D. Fla. May 18, 2015) (citing *Allen v. Board of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1318 (11th Cir. 2007)).

[48] *Allen*, 495 F.3d at 1319 (citing 29 C.F.R. § 785.11).

[49] *Id.* (internal citations and alterations omitted).

[50] *Id.*

[51] Def.'s Mot. for Summ. J., at 20-22.

had reason to believe, that the Plaintiff worked in excess of forty hours in a workweek without proper overtime compensation. He also has not provided any evidence that the Defendant squelched truthful reports of overtime work or encouraged low reporting that would have precluded its knowledge of such work in the first place. In fact, the Plaintiff failed to provide the Defendant with a list of hours worked when requested to do so.[52] Therefore, since the Plaintiff has failed to establish both of the necessary elements for a prima facie FLSA claim, the Defendant is entitled to summary judgment.

## IV. Conclusion

For the reasons stated above, the Defendant AGCO, Inc.'s Motion for Summary Judgment [Doc. 40] is GRANTED and the Defendant AGCO, Inc.'s Motion to Strike the First Declaration of Steven Segraves [Doc. 46] is DENIED as moot.

SO ORDERED, this 9 day of August, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[52] Def.'s Statement of Material Facts ¶ 86.